ORIGINAL

ORIGINAL

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 10-11281 (CSS) |
| Red Disposal, LLC, | : |
| | : |
| Debtor. | : **Re: Docket No. 9** |
| | : |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING**

This matter came before the Court on the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of interim and final orders pursuant to 11 U.S.C. §§ 105, 361, 362, and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Delaware Local Bankruptcy Rule 4001-2 (i) authorizing the Debtor to use cash collateral, (ii) granting adequate protection, and (ii) scheduling a further and final hearing; and the Court having determined that proper and adequate notice of the Motion was provided to the parties set forth in the Motion; and the Court further determining that the relief sought in the Motion is in the best interests of the Debtor's estate, all creditors and parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing establish just cause for the relief granted herein;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. <u>Notice and Hearing</u>. Notice of the Motion and first day hearing on the Debtor's interim use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notice is appropriate in the particular

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

1

circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Rules in respect of the relief requested.

B. Cash Collateral. As used herein, "cash collateral" means cash collateral as described and defined in section 363(a) of the Bankruptcy Code, which includes post-petition proceeds, products, offspring, rents, or profits of ("Cash Collateral").

C. Necessity and Best Interest. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its businesses in chapter 11. The Debtor requires immediate authority to use Cash Collateral to continue its business without interruption toward the objective of formulating an effective plan of reorganization. The Debtor's interim use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

And the Court having determined that there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Bankruptcy Code Section 363(c)(3), and for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is GRANTED and any objections filed, to the extent not resolved, are hereby overruled.

2. Use of Cash Collateral. The Debtor is authorized, for the Interim Cash Collateral Period, to use Cash Collateral in accordance with the Budget (a copy of which is attached hereto as Exhibit 1). The Debtor may expend amounts up to a variance of ten percent (10%) as to any line item of the Cash Collateral Budget, provided the aggregate expenditures do not exceed one hundred ten percent (110%) of the aggregate budgeted expenditures for any calendar month. To the extent that the Debtor does not expend the entire amount set forth in the Cash Collateral

Budget for any particular line item expense during any particular time period in the Budget, the unused funds may be used by the Debtor to satisfy any "shortfall" in any line item in the Budget for any time period, provided the aggregate expenditures do not exceed one hundred ten percent (110%) of the aggregate budgeted expenditures for the entire period of time during which the Debtor is authorized to use Cash Collateral.

3. <u>Adequate Protection.</u> As adequate protection for its interest in the pre-petition collateral, the Banks are granted adequate protection in the form of replacement liens (the "Replacement Liens") to the extent that its pre-petition collateral, including Cash Collateral, is used by the Debtor. The Replacement Liens shall attach to the collateral the Banks* had pre-petition ("Pre-Petition Collateral"), to the same extent and with the same validity and priority as it did pre-petition, but only to the extent there is a diminution in the value of the respective interests in the Pre-Petition Collateral resulting from the use of any of the Cash Collateral and other Pre-Petition Collateral.

4. Nothing in this Order shall constitute a finding by this Court as to the validity, priority, extent, nature, or enforceability of any pre-petition liens held or claimed by the Banks, and all parties in interest reserve the right to assert a challenge to any such liens.

5. On or before the third business day following entry of this Interim Order, the Debtor shall mail copies of a notice of entry of this Interim Order, together with a copy of this Interim Order and a copy of the Motion, to the parties having been given notice of this Motion and the interim hearing held thereon, to any party that has filed prior to such date a request for notices with this Court and to counsel for any committee appointed by the United States Trustee. The notice of entry of this Interim Order shall state that any party in interest objecting to the Motion shall file written objections with the United States Bankruptcy Court Clerk for the

\* Banks, as defined in the Motion, shall include Financial Federal Credit, Inc.

District of Delaware in accordance with the dates provided below. Objections shall be served so that same are received on or before said date and time by: (a) Ciardi Ciardi & Astin, Shannon D. Leight, Esquire, 919 N. Market Street, Suite 700, Wilmington, DE 19801; (b) the Office of the United States Trustee; and (c) counsel for any committee appointed by the United States Trustee. Any objections by creditors or any other parties in interest to the Motion shall be deemed waived unless filed and received in accordance with the foregoing on or before the close of business of such date.

6. In accordance with the foregoing paragraph, any creditor or other party in interest having any objection to the Motion or a final order on the Motion shall file with the clerk of this Court and serve on or before the _11_ day of _May_, 2010, at _4:00 p.m._, a written objection and shall appear at a final hearing to be held before the Court at _11:30 a_.m. on the _14th_ day of _May_, 2010.

Dated: _4-30_, 2010
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge